UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

In re:

THE ALPHAS COMPANY OF NEW YORK INC.,

Debtor.

-----------------------------------------------------X

PETER ALPHAS,

Appellant,

-against-

JOHN S. PEREIRA, *as Chapter 7 Trustee*,

Appellee.

-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/27/2016

15 Civ. 1106 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Peter Alphas ("Alphas") appeals two bankruptcy court orders pertaining to the corporation for which he is the sole principal and shareholder, the Alphas Company of New York, Inc. (hereinafter "the Debtor"). For the reasons stated below, the bankruptcy court orders are affirmed.

## I. BACKGROUND

The Debtor operated a wholesale food packing and distribution business from three units leased within buildings owned by Hunts Point Terminal Produce Cooperative Association ("Hunts Point"), which is part of the food distribution center located at the Hunts Point Terminal Market in Bronx, New York.

Beginning in 2012, the Debtor and Hunts Point have been involved in litigation in both state and federal court. On November 6, 2012, Hunts Point filed suit against the Debtor in Bronx

Civil Court for non-payment of rent. On March 7, 2013, Hunts Point and the Debtor settled the civil court action by a Stipulation of Settlement, which included a Warrant of Eviction that was stayed so long as the Debtor complied with the stipulation's terms. After the Debtor's alleged failure to make a payment on April 15, 2013, Hunts Point evicted the Debtor on May 2, 2013. After the Bronx Civil Court issued an order restoring the Debtor's possessions to the leased units on May 29, 2013, Hunts Point obtained another Warrant of Eviction on or about August 9, 2013. After the Debtor's numerous attempts to delay execution of the warrant, on February 10, 2014, the Appellate Term, First Department, vacated a stay of enforcement for the Warrant of Eviction.

During the pendency of the proceedings in Civil Court, the Debtor filed suit against Hunts Point in New York Supreme Court, Bronx County, seeking damages and a declaratory judgment that Hunts Point wrongfully evicted the Debtor. The Debtor and Alphas filed a separate action in federal district court on January 9, 2014, alleging that Hunts Point and others engaged in a RICO conspiracy to evict the Debtor illegally, extort the Debtor and Alphas, and harm their business.

On March 4, 2014, the Debtor filed in bankruptcy court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which automatically stayed Hunts Point's Warrant of Eviction. The case was converted to a case under Chapter 7 on June 5, 2014, and John Pereira was appointed as Trustee. On June 6, 2014, the bankruptcy court granted Hunts Point's motion to lift the automatic stay to permit it to evict the Debtor and cancel the Debtor's membership interests. The court's order provided, however, a fourteen-day stay before the order took effect.

After the June 6, 2014, order, the Trustee and Hunts Point commenced negotiations to resolve the lawsuits and other issues involving rent and arrears between the Debtor and Hunts Point. These negotiations resulted in a December 22, 2014, settlement agreement ("the

Settlement"), which resolved the lawsuits and other issues and stipulated to vacate the order that stayed the Debtor's eviction, so that the Trustee could complete a sale of the Debtor's lease and membership interests.

On December 22, 2014, the Trustee filed a "motion . . . for an order approving certain settlement agreement pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019," and a separate "ex-parte motion to shorten the notice period" for the Rule 9019 motion. By order dated December 23, 2014, the bankruptcy court granted the Trustee's motion to shorten the notice period, and set a hearing for the Rule 9019 motion for January 6, 2015.

On January 5, 2015, Alphas filed an objection to the motion to approve the Settlement, and his counsel participated in the hearing the following day. At the January 6, 2015, hearing, the bankruptcy court heard testimony from the Trustee, allowed Alphas's lawyer to cross-examine the Trustee and concluded on the record that the Settlement was fair and equitable. On January 7, 2015, the bankruptcy court issued an order granting the Trustee's Rule 9019 motion "for the reasons stated on the record at the Hearing."

Alphas filed his notice of appeal on January 20, 2015, challenging the bankruptcy court's January 7, 2015, order approving the Settlement.

## II. STANDARD

"The bankruptcy court's articulation of Rule 9019's standard for evaluating a settlement is a legal issue subject to *de novo* review." *In re Iridium Operating LLC*, 478 F.3d 452, 461 n.13 (2d Cir. 2007). "[T]he reasonableness of that court's application of the Rule in approving the Settlement" is reviewed for abuse of discretion. *Id.*; *see also In re Refco*, 505 F.3d 109, 116 (2d Cir. 2007). "The bankruptcy court will have abused its discretion if no reasonable man could agree with the decision to approve a settlement." *In re Delta Air Lines, Inc.*, 374 B.R. 516, 522

(S.D.N.Y. 2007), *aff'd sub nom. Ad Hoc Comm. of Kenton Cty. Bondholders v. Delta Air Lines, Inc.*, 309 F. App'x 455 (2d Cir. 2009) (internal quotation marks omitted).

Orders shortening notice periods pursuant to Bankruptcy Rule 9006 are reviewed for abuse of discretion, but due process claims associated with those orders are reviewed de novo. *See In re Phila. Newspapers LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (de novo review for due process claims arising from bankruptcy court's expedited hearing); *In re Gledhill*, 76 F.3d 1070, 1084–85 (10th Cir. 1996) ("We review the court's decision to reduce the notice period under Rule 9006 for an abuse of discretion."); *id.* at 1085 ("[W]e review whether bankruptcy court proceedings violated a party's right to procedural due process de novo.").

## III. DISCUSSION

### A. Compliance With Bankruptcy Rule 8009

Alphas failed to comply with Bankruptcy Rule 8009's requirements for filing and serving the Designation and Statement. Bankruptcy Rule 8009(a) provides that an

> appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered.

Fed. R. Bankr. P. 8009(a)(1)(A)–(B). A separate rule -- governing untimely actions at any stage in the bankruptcy proceedings -- provides that "the court for cause shown may . . . permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b). "Filing a Designation and Statement is mandatory," and late filings will be accepted only upon a showing of excusable neglect. *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). "[F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Id.* at 604 (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51

(2d Cir. 1997)); *see also In re Kollel Mateh Efraim, LLC*, 582 F. App'x 61, 62 (2d Cir. 2014) (summary order) (affirming dismissal of appeal where Designation and Statement were not timely filed).

Alphas filed his notice of appeal on January 20, 2015, which meant under Rule 8009, that he should have filed his Designation and Statement by February 3, 2015. Alphas did not file the Designation and Statement until April 9, 2015. In response to an August 11, 2015, order directing him to explain why his untimely filing should be attributed to "excusable neglect," Alphas submitted that his late filing was "[d]ue to various financial constraints associated with the events leading to the filing of the chapter 7 bankruptcy petition for [his] company," and because "the direction of the appeal as a whole and counsel's role therein was not well-defined amidst the myriad other components in this bankruptcy matter." Alphas -- who elected to proceed pro se on this appeal -- also submitted a declaration from his counsel in the underlying bankruptcy proceedings, which attributes the delay to a misunderstanding between Alphas and his lawyers. In relevant part, the declaration from H. Bruce Bronson, Esq., states:

> Basically, Mr. Alphas and [our] firm had many conversations regarding the appeal which ultimately resulted in a misunderstanding as to the direction to be followed. We believed we were waiting for Mr. Alphas to make a final decision regarding moving forward with the appeal and Mr. Alphas believed we were [pursuing] the appeal.

Neither of these explanations constitutes excusable neglect.

Alphas's explanation describes only his indecision as to whether an appeal of the bankruptcy court's orders was worthwhile, and whether he should extend his lawyers' representation to cover the appeal as well as the bankruptcy court proceedings. Alphas's lawyer's excuse is likewise unavailing. The filing of "Alphas's Statement of Issues and Designation of Record on Appeal" occurred on April 9, 2015, seventy-nine days after the notice

of appeal was filed. Bronson's contention that the delay in filing the Designation and Statement is attributable to a misunderstanding between him and his client is not persuasive. After filing the notice of appeal, counsel was fully aware that the Designation and Statement were due fourteen days later, and that after that point the bankruptcy rules did not authorize him to "wait[ ] for Mr. Alphas to make a final decision regarding moving forward with the appeal."

Appellant's failure to establish excusable neglect for the late filing of the Designation and Statement is dispositive. But even assuming that Alphas complied with the bankruptcy rules' requirements, his appeal also fails on the merits.

**B. Settlement Approval Order**

Alphas appeals the bankruptcy court's January 7, 2015, order granting a motion by the Trustee to approve the Settlement, arguing that that the Settlement "waived substantial rights for an insufficient sum of money." For the following reasons, this argument is rejected.

Bankruptcy Rule 9019(a) provides: "On a motion by the trustee after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a). In determining whether a settlement is fair and equitable, courts are to consider the following "interrelated factors":

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*In re Iridium Operating LLC*, 478 F.3d at 462 (alteration in original); *see also In re Nuevo Pueblo, LLC*, 608 F. App'x 40, 41–42 (2d Cir. 2015) (summary order). "In undertaking an examination of the settlement," courts "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (internal quotation marks and alteration omitted); *see also In re Nuevo Pueblo*, 608 F. App'x at 42.

Alphas's brief does not provide the basis for his assertion that the settlement "waived substantial rights for an insufficient amount of money." Presumably, Alphas's argument is that the value of the Debtor's claims in the federal and state litigations exceeded the value of the benefits obtained by the Trustee in the Settlement because the claims were strong and some of them had the potential for treble damages. Even assuming the strength of Alphas's and the Debtor's claims, Alphas's assertions as to the claims' value are insufficient to overturn the bankruptcy court's holding that the Settlement was fair and equitable.

As an initial matter, the bankruptcy court correctly articulated the standard for evaluating a settlement, identifying (1) the probability of success in the litigations, (2) the difficulties of collecting on any favorable judgment, (3) the complexity of the litigation and the expense, inconvenience and delay necessarily attending it and (4) the paramount interest of the creditors. The court then analyzed each factor and held that the balancing weighed in favor of approving the Settlement. The record supports the bankruptcy court's conclusion.

In exchange for dismissal of the estate's claims, the Settlement obtained a "Settlement Amount" of $211,565 and a separate payment of $38,627.13. Although it is conceivable that the estate may have been able to recover more than those amounts through litigation, the bankruptcy court noted correctly that "it is . . . only the possibility of treble damages in that action that

exceeds the amounts being paid or given up by the defendants in the settlement" and "that if the RICO action continued, it would be complex, expensive, long-lasting, and hotly contested." The Settlement provided further benefit to the Debtor's estate by releasing potential claims against the estate and clearing the way for the eventual sale of the estate's Hunts Point lease and membership interests, which would provide funds to pay creditors. Aside from Alphas, the only other objector to the Settlement was a junior secured creditor who objected that the record contained insufficient information to make an informed decision on the Settlement's reasonableness.

In light of the foregoing, the bankruptcy court did not abuse its discretion in concluding "that the settlement is far above the lowest level of reasonableness." The order approving the Settlement is affirmed.

**C. Notice Period Order**

Alphas also appeals the bankruptcy court's December 23, 2014, order that shortened the notice period for the Trustee's motion to approve the Settlement. Alphas argues that the bankruptcy court's order was a "denial of due process to the debtor in not having the opportunity to file meaningful objections and be heard on those claims, with the opportunity to present evidence and witnesses as to the unfairness of the settlement arrived at." The bankruptcy court's order was neither an abuse of discretion nor a violation of Alphas's due process rights. Pursuant to Bankruptcy Rule 2002(a),

> the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the hearing on approval of a compromise or settlement of a controversy . . . unless the court for cause shown directs that notice not be sent.

Fed. R. Bankr. P. 2002(a)(3). Rule 9006(c) provides, however, that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or

by order of court, the court for cause shown may in its discretion with or without motion or order the notice period reduced." Fed. R. Bankr. P. 9006(c).

The bankruptcy court's order found that good cause existed for shortening the notice period to allow a hearing on January 6, 2015. The bankruptcy court explained "the urgency of dealing with this motion without delay" at the January hearing, noting that the Settlement resolved the imminent risk that Hunts Point would execute its Warrant of Eviction against the Debtor, and allowed the Debtor's estate to sell its lease and membership interests at a time when the estate otherwise had "no funds whatsoever."

Alphas argues that the Hunts Point eviction warrant was unlawful and that the sale of the lease would be at an unfair "rock bottom price," but the Trustee and bankruptcy court could not have relied on these conclusory assertions when confronted with the risk that the estate would lose its only opportunity to recoup some value from its lease and membership interests. The bankruptcy court did not abuse its discretion in finding good cause to expedite the Settlement hearing by one week.

Nor did the order to shorten the notice period violate Alphas's due process rights. Alphas does not dispute that he had notice of the January 6, 2015, hearing as of December 23, 2015, and the docket reflects that he was served with the bankruptcy court's order via email on that date. Alphas's lawyer, Bronson, filed his notice of appearance on January 4, 2015, and an objection to the Settlement motion the following day. Bronson appeared and argued on behalf of Alphas at the January 6, 2015, hearing, and cross-examined the Trustee as to the Settlement's fairness. The record therefore reflects that Alphas was afforded both "reasonable notice and an opportunity to be heard" that was "at a meaningful time and in a meaningful manner." *Karpova v. Snow*, 497 F.3d 262, 270 (2d Cir. 2007) (internal quotation marks omitted); *see also In re*

*Delta Air Lines, Inc.*, 374 B.R. at 526 (rejecting due process claims where "the Bankruptcy Court gave the appellants notice and an opportunity for both expedited discovery and a hearing on their objections to the proposed Settlement, and obviously the appellants availed themselves of this opportunity").

Alphas claims that the shortened notice period denied him the opportunity to put on evidence and witnesses that would have demonstrated the Settlement's unfairness, but he has never identified the evidence or witnesses he would have presented, or explained how he would have been able to prove the Settlement's unfairness had the hearing taken place one week later.

The record does not support a finding that the bankruptcy court abused its discretion or violated Alphas's due process rights by ordering an expedited hearing date to approve the Settlement. The bankruptcy court's order to shorten the notice period is affirmed.

## IV. CONCLUSION

For the foregoing reasons, the bankruptcy court's orders approving the Settlement and shortening the notice period are AFFIRMED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 27, 2015
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**